```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MICHAEL FETCHO,

                    Plaintiff,

       -against-                              MEMORANDUM & ORDER
                                              10-CV-3881(JS)(WDW)
NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,

                    Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Michael Fetcho, pro se
                    23 Moss Lane
                    Levittown, NY 11756

For Defendant:      Toni E. Logue, Esq.
                    NYS Attorney General's Office
                    200 Old Country Road, Suite 460
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Pro se Plaintiff Michael Fetcho sued Defendant New York State Department of Taxation and Finance. He asserts employment discrimination claims under the Age Discrimination in Employment Act of 1967, as codified 29 U.S.C. 621-634, and the American With Disabilities Act of 1990, as codified, 42 U.S.C. 12112-12117. This brief Order addresses Plaintiff's motion for a default judgment. (See Docket Entries 7 and 8.) Plaintiff's motion is DENIED.

Plaintiff is correct that Defendant was briefly in default. Plaintiff served his Complaint on September 22, 2010, making Defendant's Answer due by October 13, 2010. Defendant

took no action in this case until October 18, 2010, when it asked the Court for an extension to respond to Plaintiff's Complaint.[1] In the meantime, on October 14, 2010, Plaintiff filed this motion for a default judgment.

Notwithstanding that Defendant's request for an extension of time to respond to the Complaint was made slightly out of time, the Court denies Plaintiff's motion for a default judgment. Whether or not to enter a default judgment is left to the Court's discretion. Enron Oil Corp. v. Masonori Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). The Court is guided by a strong preference to resolve disputes on their merits, id., and considers three factors: (1) whether the default was willful; (2) whether the Defendants can assert a meritorious defense; and (3) whether the Plaintiff has been prejudiced. See id.; see also, e.g., Franco v. Ideal Mortgage Bankers, Ltd., No. 07-CV-3965 (JS) (AKT), 2010 WL 3780972, at *2 (E.D.N.Y. Aug. 23, 2010) (report and recommendation).

In this case, all three factors weigh heavily against entering a default judgment. First, the default was not willful; Defendant asked for an extension of time just days after its time to respond had expired--a delay that may be partly explained by Plaintiff's apparent decision not to return

---

[1] Magistrate Judge William D. Wall granted Defendant's request on October 19, 2010.

2

Defendant's counsel's phone calls seeking consent for the extension. (See Docket Entry 5.) Second, Defendant appears able to mount a meritorious defense. It has actively litigated this matter, including filing an Answer, a motion for judgment on the pleadings, and a motion to dismiss Plaintiff's Amended Complaint.[2] Third, the short period--less than a week--between when Defendant's Answer was due and when it asked for an extension did not prejudice Plaintiff, not least because Defendant's default did not delay this proceeding whatsoever. See Brown v. Lian, No. 10-CV-0396, 2011 WL 1833372, at *2 (W.D.N.Y. May 13, 2011) (noting that Defendants' thirteen-day delay in answering plaintiff's complaint did not prejudice plaintiff).

---

[2] Plaintiff filed a motion for leave to file an Amended Complaint (Docket Entry 17) on March 1, 2011. That motion remains pending, but Plaintiff nevertheless filed an Amended Complaint (Docket Entry 26) on May 17, 2011. In this Order, the Court does not express a view on Plaintiff's request for leave to file the Amended Complaint; that motion will be addressed in due course.

3

## CONCLUSION

Plaintiff's motion for a default judgment (Docket Entry 7) is DENIED. The Court will address the remaining outstanding motions in this case in due course. The Clerk's Office is directed to mail Plaintiff a copy of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   September  14 , 2011
         Central Islip, New York

4