```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MICHAEL FETCHO,

                    Plaintiff,

         -against-                          MEMORANDUM & ORDER
                                            10-CV-3881(JS)(WDW)
NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,

                    Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Michael Fetcho, pro se
                    23 Moss Lane
                    Levittown, NY 11756

For Defendant:      Toni E. Logue, Esq.
                    New York State Attorney General's Office
                    200 Old Country Road, Suite 460
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Pro se Plaintiff Michael Fetcho sued the New York State Department of Taxation and Finance ("Defendant"), asserting claims for employment discrimination, retaliation, and several state law torts. Plaintiff sought leave to amend his Complaint (Docket Entry 17) and, while that motion was pending, Defendant moved for judgment on the pleadings (Docket Entry 20). Then, while Plaintiff's request for leave to amend was still under consideration, Plaintiff filed an Amended Complaint without permission. (Docket Entry 26.) Pending now is Defendant's motion to dismiss the Amended Complaint. (Docket Entry 27.) The Court will accept Plaintiff's proposed Amended

Complaint and consider it against Defendant's motion to dismiss. For the following reasons, Defendant's motion is GRANTED.

BACKGROUND

Plaintiff is a fifty-eight year-old male who has been diagnosed with attention deficit hyperactivity disorder, anxiety, and depression. (Am. Compl. ¶ 7.) Until his retirement, he was a tax auditor at the Department of Taxation and Finance. His position was classified as "Tax Auditor I."

Plaintiff believes that Defendant discriminated against him on the basis of his age, gender, and disability. (See Am. Compl. ¶¶ 4-7), and his Amended Complaint purports to describe a series of discriminatory and retaliatory acts. (See id.) For example, Plaintiff alleges that Defendant created "Tax Auditor II" positions and made four provisional appointments to these new jobs, promoting four significantly less experienced women. (Id. ¶¶ 8-9.) Among other things, Plaintiff also asserts that Defendant retaliated against him for filing a charge with the Equal Opportunity Employment Commission (the "EEOC Charge") by falsely accusing him of intending to bring a gun to work and shoot his colleagues; these allegations prompted a crisis intervention team to interview Plaintiff. (See id. ¶¶ 12-13.) Plaintiff also describes an incident where a colleague followed him into the men's room and blasted a bull horn siren, causing Plaintiff to suffer partial permanent hearing loss.

(Id. ¶ 18.) He further alleges that Defendant denied his request for permission to telecommute to a greater extent than what was already permitted and then heavily scrutinized his work after the request was denied. (Id. ¶ 42.)

DISCUSSION

The Amended Complaint asserts claims under Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act of 1967, as codified 29 U.S.C. § 621 et seq. (the "ADEA"), the Americans with Disabilities Act of 1990, as codified 42 U.S.C. § 12112 et seq. (the "ADA"), and state common law. Liberally construed, Plaintiff's Amended Complaint asserts the following claims: that Defendant (1) discriminated against Plaintiff on the basis of his age, gender, and disability by not promoting him to the Tax Auditor II position; (2) retaliated against Plaintiff by falsely accusing him of intending to bring a gun to his office; (3) failed to accommodate Plaintiff's disability by refusing to afford him more leeway to telecommute; (4) retaliating against Plaintiff by excessively scrutinizing his work following his request for more telecommuting flexibility; and (5) committed several state law torts, including battery and negligence, arising out of the bull horn incident.

Plaintiff cannot move forward with this suit because he did not exhaust his administrative remedies with respect to

his Title VII claim and Defendant is immune from the remainder of his claims.

I. Title VII

Only claims that were included or that reasonably relate to the conduct complained of in Plaintiff's EEOC Charge may be heard by this Court. Title VII requires that a plaintiff exhaust his administrative remedies before filing a civil action. Butts v. City of N.Y. Dep't of Hous. Preservation and Dev., 990 F.2d 1397, 1401-02 (2d Cir. 1993), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. As a result, it is well-settled that a district court may only "hear Title VII claims that either are included in an EEOC charge or are based on conduct . . . which is 'reasonably related' to that alleged in the EEOC charge." Butts, 990 F.2d at 1401.[1] The Second Circuit has recognized three situations where claims "reasonably relate" to conduct included in an EEOC charge: (1) where the claims in the civil action "would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of

---

[1] Although the language in Butts suggests that the requirement that a Plaintiff exhaust his remedies with the EEOC is jurisdictional in nature, the Second Circuit has clarified that the requirement is simply a pre-condition to a federal suit. Francis v. City of New York, 235 F.3d 763, 768-69 (2d Cir. 2000).

4

the discrimination," Butts, 990 F.2d at 1402; (2) where the civil claim alleges "retaliation by an employer against an employee for filing an EEOC charge," id.; and (3) where the claims "allege[] further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge," id..

Plaintiff's EEOC Charge describes how Plaintiff thought he had been improperly treated.[2] Among other things, it details the missed promotion and the crisis team intervention, and it alleges that Defendant was motivated by a discriminatory animus as to Plaintiff's age and disability. (Def. Mot. to Dismiss App'x A, EEOC Charge at 3-6.) The only reference to Plaintiff's gender is a discussion of an email that Defendant had sent entitled "10 Things Men Can Do To End Men's Violence Against Women." (Id. at 5-6.) Plaintiff quoted the email, which he characterized as an "attack on the male gender," in his EEOC Charge as an example of Defendant's "blatant discriminatory practices." (Id. at 5.) He did not, however, indicate at any point that he felt that his gender was a basis for Defendant's alleged discrimination. In fact, the remainder of his EEOC narrative describes his professional experience and his medical

---

[2] The Court may consider Plaintiff's EEOC Charge on a motion to dismiss where, as here, Plaintiff's Amended Complaint relies on the EEOC Charge's "terms and effect." Briggs v. N.Y. State Dep't of Transp., 233 F. Supp. 2d 367, 372 (N.D.N.Y. 2002) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)).

5

conditions, including references to psychiatric treatment and severe depression. (Id.) Plaintiff specifically states that "My discrimination charge is based on the fact that management had preconceived discriminatory objectives for granting these promotions. The objectives discriminate against senior employees in favor of newer employees." (Id.) Elsewhere, he states that:

> Discrimination in this case is based on failure to offer me equal consideration for the promotion as a disabled person, age, a stated lack of consideration for seniority and use of a list that was based on a test that was curved to an extent that the results produced a list of less qualified individuals. People near retirement were not given a reasonable opportunity to take the test and be on the list.

(Id.) In short, the reference to the "10 Things Men Can Do" email is simply background evidence of Defendant's alleged discriminatory practices. Read in its entirety, the EEOC Charge put investigators on notice that Defendant may have discriminated against Plaintiff because of his age or disability, not his gender. This is fatal to Plaintiff's gender discrimination claim. See Little v. Nat'l Broad. Co., Inc., 210 F. Supp. 2d 330, 375 (S.D.N.Y. 2002) (dismissing race discrimination claims where EEOC charge contained "no descriptions of racial harassment or racial discrimination and, in fact, no mention of race at all"; "Because the facts included

6

in Rivera's Charge would not lead to an investigation into possible race discrimination and racial harassment, Rivera has failed to exhaust his administrative remedies with respect to these claims."); see also Williams v. N.Y. City Hous. Auth., 458 F.3d 67, 70 (2d Cir. 2006) ("The central question is whether the complaint filed with the EEOC gave that agency 'adequate notice to investigate discrimination on both bases.'") (quoting Deravin v. Kerik, 335 F.3d 195, 202 (2d Cir. 2003)).[3]

II. Plaintiff's Remaining Claims

Plaintiff cannot maintain his remaining claims against Defendant because the New York State Department of Taxation and Finance, as an agency of New York State, see Nadolecki v. N.Y. State Dep't of Taxation and Finance, No. 09-CV-3888, 2011 WL 2446491, at *5 (E.D.N.Y. May 17, 2011) adopted by 2011 WL 2437481 (E.D.N.Y. Jun 15, 2011), is shielded by the Eleventh Amendment from suits on these claims in federal court. The ADA and ADEA did not abrogate New York's immunity, see Butler v. N.Y. State Dep't of Law, 211 F.3d 739, 746 (2d Cir. 2000)

---

[3] To the extent that Plaintiff asserts a retaliation claim arising out of his complaint about what he perceived as a sexist email, this claim is also unexhausted because there is no indication in his EEOC Charge that he believed that his objection caused him to be denied a promotion. Hoffman v. Williamsville Sch. Dist., No. 10-CV-4333, 2011 WL 5120374, at *2 (2d Cir. Oct. 31, 2011); Mathirampuzha v. Potter, 548 F.3d 70, 76 (2d Cir. 2008) (retaliation claim was not reasonably related to allegations in plaintiff's EEOC charge where the EEOC Charge did not "assert or imply a retaliatory motive").

(dismissing appeal concerning ADEA claim); see also Nicolae v. Office of Vocational and Educ. Svcs. for Individuals with Disabilities, 257 F. App'x 455, 456 (2d Cir. 2007) (affirming dismissal of ADA and ADEA claims on Eleventh Amendment grounds), and New York has not waived its immunity, see Emmons v. City Univ. of N.Y., 715 F. Supp. 2d 394, 420 n.16 (E.D.N.Y. 2010); Heba v. N.Y. State Div. of Parole, 537 F. Supp. 2d 457, 471 (E.D.N.Y. 2007). Accordingly, these claims must be dismissed. See Butler, 211 F.3d at 746.

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is DISMISSED. The Clerk of the Court is respectfully directed to mail Plaintiff a copy of this Order, terminate all pending motions, and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   January  27 , 2012
         Central Islip, New York